**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number *(if known)* _____    Chapter ___11___

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    **04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Convertible Builders, LLC |
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 27-0295523 |

| | | |
|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business** <br><br> 23791 Railroad Avenue <br> High Springs, FL 32643 <br> Number, Street, City, State & ZIP Code <br><br> Columbia <br> County | **Mailing address, if different from principal place of business** <br><br> 12528 NW 109th Lane <br> Alachua, FL 32615 <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor    Convertible Builders, LLC                                    Case number (*if known*)
          Name

**7.    Describe debtor's business**    A. *Check one:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Railroad (as defined in 11 U.S.C. § 101(44))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒    None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.

\_\_\_\_\_

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐    Chapter 7

☐    Chapter 9

☒    Chapter 11. *Check **all** that apply*:

    ☒    Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☒    The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐    The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐    A plan is being filed with this petition.

    ☐    Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐    The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐    The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐    Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | | | | Relationship | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number, if known | |

Debtor   Convertible Builders, LLC
_____   Case number (*if known*) _____
Name

**11. Why is the case filed in *this district?*** | *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

Contact name   _____

Phone   _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**   .   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☒ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50   million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☒ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

06/19/26 12:21 PM

Debtor    Convertible Builders, LLC
_____Name_____

Case number (*if known*) _____

| | |
|---|---|
| **Request for Relief, Declaration, and Signatures** | |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    June 19, 2026
_____MM / DD / YYYY_____

**X** /s/  Jeffrey A. Moran
Signature of authorized representative of debtor

Jeffrey A. Moran
Printed name

Title    President

**18. Signature of attorney**

**X** /s/ Anthony Chauncey
Signature of attorney for debtor

Date    June 19, 2026
_____MM / DD / YYYY_____

Anthony Chauncey 75023
Printed name

The Chauncey Law Firm, P.A.
Firm name

Post Office Box 548
Live Oak, FL 32064
Number, Street, City, State & ZIP Code

Contact phone    (386) 364-4445    Email address    awc@chaunceylaw.com

75023 FL
Bar number and State

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 4

Fill in this information to identify the case:

Debtor name | Convertible Builders, LLC

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF FLORIDA

Case number (if known): _____

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Ameris Bank 5010 NW 43rd Street Gainesville, FL 32606 | | | | $387,812.98 | $0.00 | $387,812.98 |
| Ameris Bank Post Office Box 790408 Saint Louis, MO 63179-0408 | | Unsecured | | | | $50,186.32 |
| Ameris Bank 5010 NW 43rd Street Gainesville, FL 32606 | | | | $25,000.00 | $0.00 | $25,000.00 |
| AmTrust Financial Services, Inc. 59 Maiden Lane New York, NY 10038 | | Unsecured | Disputed | | | $14,262.00 |
| Bank of America Post Office Box 660441 Dallas, TX 75266-0441 | | Unsecured | Disputed | | | $33,904.21 |
| Bryan Harlow 2689 N 900 Tipton, IN 46072 | | Unsecured | | | | $100,000.00 |
| Criswell Auto c/o David E. Williamson 1418 N.W. 6th Street Gainesville, FL 32601 | | Unsecured | Disputed | | | $0.00 |
| EZ On Auto Tops 124 Dial RD Iva, SC 29655 | | Unsecured | Disputed | | | $8,300.00 |

Official form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims          page 1

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    Convertible Builders, LLC
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Herold Precision Metals, LLC c/o Jennifer Perrone, Esquire 525 Okeechobee Blvd. Ste 900 West Palm Beach, FL 33401 | | Unsecured | Disputed | | | $0.00 |
| Katzkin Leather Ic 6868 Acco Street Montebello, CA 90640 | | Unsecured | Disputed | | | $4,400.00 |
| Montway LLC 425 N Martingale Road, Suite 550 Schaumburg, IL 60173 | | Unsecured | Disputed | | | $34,893.43 |
| Paragon Tempered Glass 5406 County Road 424 Antwerp, OH 45813 | | Unsecured | Disputed | | | $17,664.97 |
| Turshar Patel 302 NE 1 Avenue Delray Beach, FL 33444 | | | | $77,000.00 | $0.00 | $77,000.00 |
| W.S. Hampshire Inc. c/o Michael D. Tempkins 1947 Lee Road Winter Park, FL 32789-1834 | | Unsecured | Disputed | | | $0.00 |

# United States Bankruptcy Court
## Middle District of Florida

In re   Convertible Builders, LLC         Case No. _____

                          Debtor(s)         Chapter     11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Jeffrey A. Moran<br>12528 NW 109 Lane<br>Alachua, FL 32615 | | | 100% |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    June 19, 2026                 Signature  /s/  Jeffrey A. Moran

                                                        Jeffrey A. Moran

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

12528 NW 109th Lane
Alachua, FL 32615

Anthony  Chauncey
P.O. Box 548
Live Oak, FL 32064

Ameris Bank
5010 NW 43rd Street
Gainesville, FL 32606

Ameris Bank
5010 NW 43rd Street
Gainesville, FL 32606

Ameris Bank
Post Office Box 790408
Saint Louis, MO 63179-0408

AmTrust Financial Services, Inc.
59 Maiden Lane
New York, NY 10038

Bank of America
Post Office Box 660441
Dallas, TX 75266-0441

Bryan Harlow
2689 N 900
Tipton, IN 46072

Criswell Auto
c/o David E. Williamson
1418 N.W. 6th Street
Gainesville, FL 32601

EZ On Auto Tops
124 Dial RD
Iva, SC 29655

Herold Precision Metals, LLC
c/o Jennifer Perrone, Esquire
525 Okeechobee Blvd. Ste 900
West Palm Beach, FL 33401

Katzkin Leather Ic
6868 Acco Street
Montebello, CA 90640

Montway LLC
425 N Martingale Road, Suite 550
Schaumburg, IL 60173

Paragon Tempered Glass
5406 County Road 424
Antwerp, OH 45813

Turshar Patel
302 NE 1 Avenue
Delray Beach, FL 33444


W.S. Hampshire Inc.
c/o Michael D. Tempkins
1947 Lee Road
Winter Park, FL 32789-1834

B2030 (Form 2030) (12/25)

# United States Bankruptcy Court
## Middle District of Florida

In re   Convertible Builders, LLC                                   Case No.

                                              Debtor(s)          Chapter    11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     ☐  **FLAT FEE**

        For legal services, I have agreed to accept ................................................................  $ _____

        Prior to the filing of this statement I have received .......................................................  $ _____

        Balance Due ...................................................................................................  $ _____

     ☒  **RETAINER**

        For legal services, I have agreed to accept and received a retainer of...........................  $        20,000.00

        The undersigned shall bill against the retainer at an hourly rate of..............................  $        400.00
        [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.    The source of the compensation paid to me was:

        ☒  Debtor      ☐  Other (specify):

3.    The source of compensation to be paid to me is:

        ☒  Debtor      ☐  Other (specify):

4.    ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

       ☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

       a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
       b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
       c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
       d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
       e.  [List other services that counsel has agreed to provide]
           For legal services, The Chauncey Law Firm, P.A. has agreed to accept: a pre-petition retainer in the amount of $20,000.00 for fees and services to be rendered in respect to bankruptcy matters. The Debtor has agreed to pay fees billed at the normal hourly rates of The Chauncey Law Firm, P.A. for time expended on its behalf. Fees and expenses awarded by the Court in excess of the retainer may be paid from funds of the Debtor to the extent authorized by the Court. Attached is a copy of the Legal Representation Agreement with the Debtor.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

In re      Convertible Builders, LLC                              Case No. _____
                                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

   June 19, 2026                                              /s/ Anthony Chauncey
   *Date*                                                     Anthony Chauncey 75023
                                                              *Signature of Attorney*
                                                              The Chauncey Law Firm, P.A.
                                                              Post Office Box 548
                                                              Live Oak, FL 32064
                                                              (386) 364-4445   Fax: (386) 364-4508
                                                              awc@chaunceylaw.com
                                                              *Name of law firm*

## LEGAL REPRESENTATION AGREEMENT

**THIS AGREEMENT** is entered into between The Chauncey Law Firm, P.A (the Firm) and Convertible Builders, LLC, whose post office address is 12528 NW 109 Lane, Alachua, Florida 32615 (Client).

### I. SCOPE OF ENGAGEMENT.

A.  MATTER INVOLVED (Matter). Client has engaged the Firm to represent the Client in connection with the filing of a Chapter 11 Bankruptcy Case and any related adversary proceedings in the Middle District of Florida, Jacksonville Division.

B.  AUTHORIZATION AND DECISION-MAKING. Client authorizes the Firm to take all actions which the Firm deems advisable on Client's behalf in this Matter. The Firm agrees to notify Client promptly of all significant developments and to consult with Client in advance as to any significant decisions attendant to those developments. Client acknowledges and understands that this Agreement covers legal presentations only through trial, final hearing, and/or final judgment in this matter. Legal representation under this Agreement does not does include appeals, proceedings to enforce any Court Orders, or any other post-judgment proceedings.

C.  CONFIDENTIALITY. Client understands that:

1.  Except for disclosure necessary in the representation or required by the Rules of Professional Conduct (RPC), the Firm will not reveal information relating to the representation unless Client consents pursuant to RPC 4-1.6;

2.  The duty of the Firm to keep confidential information relating to the representation is subordinate to the Firm's duty under RPC 4-3.3, which requires disclosure of any material fact which has been misrepresented.

D.  OBLIGATIONS OF CLIENT. Client agrees to:

1.  Cooperate fully with the Firm and to provide all information which may aid the Firm in representing Client;

2.  Cooperate fully with the Firm, including providing promptly all information requested and answering all inquiries and questions fully and truthfully; and,

3.  Pay the Firm for performing legal services, and to pay for all expenses incurred during the representation, as specified in Section II.

1

## II. LEGAL FEES AND EXPENSES.

A.    ATTORNEY FEES.

1.    Attorney Fee. The Client shall pay an initial retainer of $20,000.00. The principal Firm attorneys responsible for performing the legal services under this Agreement shall be Anthony W. Chauncey, whose time shall be billed at $400.00 per hour. The time of any other Firm attorney performing legal services in connection with this matter shall also be billed at the rate of $225.00 per hour.

2.    The Client agrees, acknowledges, and understands that when an attorney spends time working on this case, that the Firm must be compensated for that time. The Client acknowledges that the Client will be charged for the time spent performing tasks including, but not limited to: preparation and review of pleadings, correspondence, memoranda and other documents; preparing and reviewing discovery legal research; pretrial and trial preparation; time spent in settlement negotiations and attendance at any mediation proceedings; office conferences; court hearings; travel to and from out of-of-the-office locations; telephone calls and conferences with me and third parties; time spent attempting to obtain attorney's fees and costs from the adverse party; and any other time expended in relation to my case. I will not be charged for telephone conferences with legal secretaries or for ordinary administrative tasks performed by legal secretaries.

3.    The Client acknowledges that it is difficult to predict the precise nature and extent of legal services which will be required on the Client's behalf. Therefore, no prediction or commitment has been made as to any maximum fee or as to the outcome of any pending proceeding. The Client understands that the attorney's fees, court costs, and other expenses vary from case to case depending upon the time and issues involved.

Client agrees that the minimum Attorney Fee does not include Other Fees, Charges, and Expenses as described in Section II. B.

B.    OTHER FEES, CHARGES, AND EXPENSES.

1.    Other Persons. The Firm agrees to seek Client's authorization before retaining other persons or entities in this Matter. Client agrees to pay the fees or charges of every other person or entity hired by the Firm to perform necessary services related to the Matter, including but not limited to: court reporters, investigators, expert witnesses, paralegal and other attorneys.

2

2. Out-of-Pocket Expenses. Client agrees to reimburse all of the Firm's Out-of-Pocket Expenses, including but not limited to: charges for serving and filing papers, courier or messenger services, depositions, transcripts, investigations, witnesses, long-distance telephone calls, and travel expenses.

C. INFORMATION PROVIDED IN INVOICE STATEMENTS. The Firm agrees to include in the Invoice Statement a general identification of the services of the Firm for which Client is being charged and a specific identification of Other Fees, Charges, and Expenses for which the Firm seeks reimbursement.

D. SCHEDULE OF INVOICES AND PAYMENTS. Client agrees to pay all Invoice Statements upon receipt. Client further agrees to pay interest at a rate of 15% per year on all outstanding charges that are not paid within one month of the Statement date. If Client has any disagreement about the amount of the Statement, Client must advise the Firm in writing within ten days of the date of that Statement; otherwise, Client agrees to the amount of the Statement.

E. NON-PAYMENT OF FEES AND COSTS.

1. Default. Unless Client and the Firm enter into a new written and signed agreement regarding the payment of Attorney Fees, Paralegal Fees, and Other Fees, Charges, and Expenses, Client agrees that non-payment of any Invoice Statement in this Matter or failure to replenish any retainer within thirty (30) days of receiving notice from the Firm shall constitute a default by Client, and the Firm may, in its discretion, terminate its representation of Client. Client agrees to remain liable to the Firm for payment of all Statements incurred prior to termination. Such liability shall inure to Client's heirs, successors and personal representatives.

2. Collection. In the event that the Firm is ultimately required to bring suit to collect any unpaid Attorney Fees, or Other Fees, Charges, or Expenses, the prevailing party shall recover attorney and other fees and costs from the losing party, including any appellate attorney fees and costs.

### III. GENERAL MATTERS REGARDING REPRESENTATION.

A. COMMENCEMENT OF REPRESENTATION. Client agrees that mere discussion of representation does not obligate the Firm to commence representation of Client. Client further agrees that representation of Client by the Firm in this Matter shall not commence until the Firm receives a copy of this Agreement signed by Client and the fee as specified in paragraph A above.

3

B.     **EFFORT AND OUTCOME.** The Firm agrees to use its best efforts in representing Client in this Matter. However, Client acknowledges that the Firm can not give and has not given any assurances regarding the outcome of this Matter.

C.     **TERMINATION OF REPRESENTATION.** At any time, either Client or the Firm may terminate the relationship established by this Agreement.

     1.     Notification of the termination of the representation relationship must be in writing and shall be delivered by U.S. mail.

     2.     Upon the termination of the relationship established by this Agreement, Client agrees to: (a) promptly pay the Firm for all services rendered by the Firm and Other Fees, Charges, and Expenses incurred pursuant to this Agreement before the date of termination, and (b) execute any documents necessary to permit the Firm to terminate representation. Thereafter, the Firm agrees to cooperate with any successor legal counsel.

### IV. GENERAL MATTERS GOVERNING THIS AGREEMENT.

A.     **LAW TO GOVERN THIS AGREEMENT.** Client and the Firm agree that this Agreement shall be governed by, construed, and enforced in accordance with the laws of the state of Florida.

B.     **PLACE OF LITIGATION.** If this Agreement should result in litigation, Client agrees that such litigation shall be filed in the county of SUWANNEE in the state of Florida, in county, state or federal court depending upon the jurisdiction of the respective court and the desire of the Firm. The Client further agrees and consents to the:

     1.     Jurisdiction of the court in which the Firm files the litigation, and waiver of any claim, defense, or objection to venue or forum non-conveniens;

     2.     Service of process by certified U.S. mail with return receipt at the address below Client's signature at the end of this Agreement or at the most recent address provided to the Firm, or in the discretion of the Firm, service of process in any other manner permitted by law; and,

     3.     Final Judgment's transfer to and execution in the jurisdiction where Client resides, works, or owns real or personal property, and waiver of any claim, defense, or objection to the Judgment on any basis including procedural and substantive law.

4

C.   OBLIGATION TO GIVE WRITTEN NOTICE OF CHANGE OF ADDRESS. Client and the Firm have an obligation to give written notice to the other of a change of address and phone number from the address and phone number below their signatures at the end of this Agreement. This obligation continues until Client has paid in full all Invoice Statements in this Matter. If this obligation is breached, then the breaching party shall be liable for all fees, costs, and damages incurred in locating the breaching party.

D.   LIABILITY OF CLIENT'S HEIRS, SUCCESSORS, AND PERSONAL REPRESENTATIVES. Client's liability under this Agreement shall inure to Client's heirs, successors, and personal representatives.

E.   SEVERABILITY. If any provision of this Agreement shall be declared by any court of competent jurisdiction to be illegal, void, or unenforceable, all other provisions of this Agreement shall not be affected and shall remain in full force and effect.

F.   ENTIRE AGREEMENT. This Agreement constitutes the entire agreement in this Matter and the fees, charges, and expenses to be paid by Client or Client's heirs, successors, and personal representatives. Any prior understanding or representation preceding the date of this Agreement shall not be binding on either Client or the Firm except to the extent incorporated in this Agreement.

G.   MODIFICATION OF AGREEMENT. Any modification of this Agreement shall be binding only if in writing and signed by Client and the Firm.

H.   EXECUTION IN COUNTERPARTS. This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same agreement, and shall become a binding agreement when one or more counterparts have been signed by Client and the Firm and delivered to the Client and the Firm.

I.   EFFECTIVE DATE.   This Agreement shall not be effective and no attorney-client relationship shall be deemed to exist until this Agreement has been signed by all parties and the initial retainer payment has been paid in full.

J.   NUMBER AND GENDER.   In this Agreement, the singular shall include the plural and the masculine shall include the feminine and neuter gender, and vice versa, if the context so requires.

K.   TIME IS OF THE ESSENCE. Time is of the essence with respect to every provision hereof.

BY MY SIGNATURE, I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THE FOREGOING, I AGREE TO THE TERMS SET FORTH HEREIN AND I INTEND TO BE LEGALLY BOUND BY THIS AGREEMENT.

CLIENT:

Convertible Builders, LLC

By___Jeffrey Moran_____
Jeffrey A. Moran, President/MMBR
12528 NW 109 Lane
Alachua, Florida 32615

THE CHAUNCEY LAW FIRM, P.A.

BY_____
Anthony W. Chauncey, Esquire
Florida Bar No. 75023
320 White Avenue - Street Address
Post Office Box 548 - Mailing Address
Live Oak, Florida 32064
Telephone:          (386) 364-4445
Telecopier:         (386) 364-4508
Email:   awc@chaunceylaw.com

6